FILED
MARTHA J. SMITH
OCT 10 2012
9:20am
CIRCUIT CLERK
CLARK COUNTY, ARKANSAS

IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
Civil Division

Kristin Bunn Goza, *individually and o/b/o*          **PLAINTIFF**
*a Class of similarly situated persons*

V.                            CASE NO. CV 2012-141

MULTI-PURPOSE CIVIC CENTER                    **DEFENDANTS**
FACILITIES BOARD FOR
PULASKI COUNTY, ARKANSAS, d/b/a
VERIZON ARENA, LIVE NATION
ENTERTAINMENT, INC. and
TICKETMASTER, L.L.C., d/b/a TICKETMASTER

---

### COMPLAINT

COMES ON now the Plaintiff, by and through counsel, and hereby states as

follows:

      1.      Plaintiff is an Arkansas citizen who resides in Clark County, Arkansas.

      2.      Defendant, Multi-Purpose Civic Center Facilities Board for Pulaski

County, Arkansas ("MCCFB") is a public entity which owns and operates Verizon

Arena in North Little Rock.  The MCCFB was created by an ordinance of the Pulaski

County Quorum Court in 1995.  Since 1995, the Board has owned and operated a civic

center formally known as Alltel Arena and currently known as Verizon Arena.

      3.      Ticketmaster, L.L.C. is a Delaware limited liability company.  Its

registration to do business in Arkansas has been revoked.  It maintains an office at 3701

Wilshire Blvd., 7th Floor, Los Angeles, California, 90010.  According to contracts it has

1

entered into in Arkansas, it can be contacted at 8800 Sunset Blvd., West Hollywood, California, 90069.  In 2009, Ticketmaster, one of the largest sellers and marketers of tickets for entertainment events in the country, merged with Live Nation, the world's largest concert promoter, and became Live Nation Entertainment, Inc.  Live Nation claims, among other things, to be the largest live entertainment company in the world and the world's leading live entertainment ticketing sales and marketing company. Live Nation's principle corporate address is 9348 Civic Center Drive, Beverly Hills, California 90210.  Based on good faith knowledge and belief, neither Ticketmaster, L.L.C. nor Live Nation Entertainment, Inc. is currently licensed to do business in Arkansas.  Therefore, the Arkansas Secretary of State is authorized to accept service for these Defendants.

4.      The acts and omission described in the Complaint occurred in Arkansas and this Court has jurisdiction over the parties and subject matter of this dispute. Venue is proper in this Court.

5.      On or around 1999, Defendant entered into an agreement with a third party, Ticketmaster (Live Nation), which would allow the third party to sell tickets for events held at the MCCFB's arena.

6.      Ticketmaster, among other things, sells tickets for events that occur at Verizon Arena.

7.      Persons who are interested in purchasing tickets for an event at Verizon must typically contact Ticketmaster by phone or through the internet to secure tickets.

2

8.    Ticketmaster uniformly and systematically sells tickets at a price in excess of the amount printed on the ticket and the box office sale price for events hosted at Verizon.

9.    Ticketmaster uses a variety of labels to describe the amounts it charges in excess of the ticket price such as "facility charge," "convenience charge," and "order processing fee."

10.    The total amount charged by Ticketmaster for a ticket is not only in excess of the face value of the ticket, but also in excess of the advertised ticket price.

11.    Based on good faith knowledge and belief, Verizon receives a portion of the revenue collected by Ticketmaster from tickets which are sold for events which occur at Verizon.

12.    Based on good faith knowledge and belief, the amounts charged by the Defendants in excess of the face value of the tickets are unlawful and prohibited by Arkansas law.

13.    Plaintiff was charged excessive ticket prices for the following events:

Eric Church 2010 – Order # 16-49223/SCS

Zac Brown Band 2009 – Order # 22-58450/SCS

Kenny Chesney 2009 – order # 43-40465/SCS

Rascal Flatts 2008 – Order # 6-58324/SCS

14.    The Defendants' conduct violates Arkansas Code Annotated § 5-63-201.

## CAUSES OF ACTION:

### COUNT I- DTPA

15.     The parties are persons subject to the provisions of the Arkansas Deceptive Trade Practices Act, Arkansas Code Annotated, § 4-88-101, *et. seq.* ("DTPA"). The DTPA is designed to protect consumers from deceptive, unfair and unconscionable trade practices.  The DTPA is a remedial statute which is to be liberally construed in favor of consumers.

16.     Live Nation Entertainment, Inc. is an alter ego of, and/or is a controlling person over Ticketmaster and derives a profit from Ticketmaster's activities.  Under the DTPA, the Defendants are jointly and severally liable for DTPA violations.

17.     At all times relevant hereto, a statute existed in Arkansas which prohibits ticket sales in excess of their face value.

18.     Pursuant to Arkansas Code Annotated § 5-63-201, it is unlawful for any person, corporation, firm or partnership to sell or offer for sale any ticket at a price greater than that printed on the ticket.

19.     Violation of Arkansas Code Annotated § 5-63-201 is a criminal violation each sale is a separate offense.

20.     Defendants' conduct of selling tickets at prices greater than the face value of the ticket violates Arkansas Code Annotated § 5-63-201.

21.     Defendants' conduct violates one or more provisions of the DTPA.

4

22.    The Plaintiff, and all others similarly situated, have been damaged by Defendants' violations of the DTPA.

23.    The Plaintiff and the putative class are entitled to judgment for their damages, plus judgment for attorneys' fees and costs.

## COUNT II – UNJUST ENRICHMENT

24.    The Defendants have no legal basis to charge prices greater than the actual price for tickets requested by members of the public for events at a public arena.

25.    The Defendants have derived profit from its unlawful practice of charging in excess of the face value for tickets to events in Arkansas.

26.    The Defendants have been unjustly enriched by the excess charges they have imposed on the Plaintiff, and the members of the putative class.

27.    The Defendants' practice of adding fees to the actual price of a ticket is merely a device which allows it to exact additional revenue from customers.  This practice results in an unjustified profit.

28.    The Plaintiff and all other persons similarly situated are entitled to judgment in an amount equal to Defendants' ill-gotten gain, plus judgment for their attorneys' fees and costs.

## COUNT III – CIVIL CONSPIRACY

29.    The Defendants conspired to charge and collect fees which were not lawful.

30.    The Defendants entered into a conspiracy whereby one, or both of them, committed one or more overt acts to accomplish, by unlawful or oppressive means, a

5

purpose that, whether itself was unlawful or oppressive, resulted in damages to the Plaintiff.

31.    The Defendants intended to exact unlawful charges from the Plaintiff and caused the Plaintiffs to suffer damages.

32.    The Plaintiff is entitled to judgment for the damages caused by the Defendants' conspiracy.

33.    The Defendants' conduct was willful and intentional.

34.    The Plaintiff is entitled to exemplary damages to punish the Defendants and to deter the Defendants and others from engaging in similar misconduct in the future.

35.    The Plaintiff is entitled to judgment for their reasonable attorneys fees and costs.

## CLASS ACTION ALLEGATIONS

36.    The Plaintiff hereby re-alleges and incorporates the foregoing Paragraphs, as if set forth herein, word for word.

37.    This case involves a putative class where greater than two-thirds of the members of all proposed classes (if not 100% of putative members) are residents of Arkansas and one of the Defendants is an Arkansas resident.  The primary injuries resulting from the Defendants' conduct were incurred in Arkansas and the claims raised by the putative class are based solely on Arkansas law.

## A. TYPICALITY

38.    The Plaintiff's claims are typical of the transactions of all other customers who have purchased tickets from the Defendants in Arkansas.

39.    The Defendants' practices of imposing additional charges over and above the actual prices of tickets in Arkansas are uniform and consistent.

## B. COMMONALITY

40.    The Plaintiff's claims raise issues of fact or law which are common to the members of the putative class.  These common questions include, but are not limited to the following:

(a)    whether the Defendants' practices constitute violations of the DTPA or otherwise violate Arkansas law; whether the Defendants charged and collected unlawful fees from the Plaintiff class;
(b)    whether the Defendants conspired to collect unlawful fees;
(c)    whether the Defendants have been unjustly enriched by the imposition of unlawful fees; and
(d)    whether the Plaintiff class has suffered damages by paying the Defendants' unlawful fees.

41.    These issues are common among all putative class members and predominate over any issues affecting individual members of the putative class.

## C. NUMEROSITY

42.    Ticketmaster claims to be the world's leading ticket seller and sells tickets for events at Verizon.

43.     Verizon is a facility which can hold over 15,000 persons for ticketed events. During the relevant time period, there have been dozens of events at Verizon.

44.     Thousands of Arkansas residents have paid excessive ticket prices to Defendants.

45.     The members of the class are so numerous that joinder of all members is impracticable.

**D. SUPERIORITY**

46.     The individual claims of putative class members are relatively small. Each class member's individual claim for relief is considerably less than that required for federal diversity of citizenship jurisdiction.

47.     A class action is superior to other available methods of relief for the fair and efficient adjudication of the claims raised herein.

48.     In the absence of class-action relief, the putative class members would be forced to prosecute hundreds or thousands of similar claims in different jurisdictions and venues in Arkansas. The prosecution of these claims as a class action will promote judicial economy. The claims raised herein are well-suited for class-action relief.

49.     The Arkansas Supreme Court has decreed that the Defendants' charges are unlawful under Arkansas law. Therefore, the charges exacted from the Plaintiff were unlawfully charged to all the members of the putative class.

50.     Resolving the legal claims raised by Defendants' uniform and consistent exaction of unlawful fees is appropriate under Rule 23. A class action would benefit

both the putative class and the Defendants through a single resolution of similar or

identical questions of law or fact.

## E. ADEQUACY

51.     The Plaintiff is interested in the outcome of this litigation and understands

the importance of adequately representing the class.

52.     The Plaintiff will fairly and adequately protect the interests of the class

and sub-classes sought to be certified in this case.

53.     Class counsel are experienced in class-action and complex consumer

litigation and are qualified to adequately represent the class.

54.     This case satisfies the requirements of Rule 23 of the Arkansas Rules of

Civil Procedure and should be certified as a class action.

## F. CLASS DEFINITION

55.     The proposed class is defined as follows:

> All Arkansas residents, excluding Defendants' employees or employees of the
> Court presiding over this case, who have paid the Defendants' charges which
> were in excess of the face value of tickets for ticketed events held at Verizon
> Arena for the previous five (5) years preceding the filing of this Complaint up
> through and including the date of the judgment in this case.

## JURY DEMAND

56.     The Plaintiff reserves the right to amend this pleading as allowed by the

Arkansas Rules of Civil Procedure and hereby demands a trial by jury.

**WHEREFORE**, the Plaintiff prays that she be granted the individual relief

requested herein, that the Court enter an order finding that the Defendants' charges in

9

excess of the ticket price are void and unlawful, that this case be certified as a class action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure, that Plaintiff's counsel be appointed interim class counsel, that she be granted judgment, individually, and that the putative class be awarded judgment, that the Court declare the Defendants' excess fees to be void, that the Defendants be ordered to refund to the class an amount equal to any unlawful fees, plus pre-judgment interest, that she and her class be awarded judgment for reasonable attorneys' fees and costs of litigation, that they be awarded judgment for the damages caused by the Defendants' conspiracy and for exemplary damages, that they be afforded a trial by jury, and for any and all other just and proper relief to which they may be entitled.

RESPECTFULLY SUBMITTED,

By: _____

TODD TURNER
DAN TURNER
**ARNOLD, BATSON, TURNER & TURNER, P.A.**
501 Crittenden Street
P.O. Box 480
Arkadelphia, AR 71923
Phone: (870) 246-9844
Fax:    888-866-9897

and

RODNEY MOORE
**WRIGHT, BERRY, MOORE & WHITE, P.A.**
303 Professional Park
Arkadelphia, AR 71923
Ph # (870) 246-6796
Fax # (870) 246-2178