1IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KRISTIN BUNN GOZA, *Individually and
on Behalf of a Class of Similarly Situated
Persons*                                                                                        PLAINTIFF

vs.                                         Civil No. 6:12-cv-06125

MULTI-PURPOSE CIVIC CENTER
FACILITIES BOARD FOR PULASKI
COUNTY, ARKANSAS, *d/b/a* VERIZON
ARENA, *et al*                                                                                 DEFENDANTS

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is separate Defendants, Live Nation Entertainment and Ticketmaster, L.L.C.'s ("collectively Ticketmaster") Motion to Dismiss (ECF No. 10), and Defendant Multi-Purpose Civic Center Facilities Board For Pulaski County, Arkansas, d/b/a Verizon Arena's ("Verizon") Motion to Dismiss. ECF No. 12. Plaintiff filed a response to each of these Motions. ECF No. 17 and 19. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred these Motions to this Court for the purpose of making a report and recommendation. A hearing was held on this Motion on July 9, 2013 before the undersigned. In accordance with that referral, this Court enters the following report and recommendation.

**1. Background**

Plaintiff Kristin Bunn Goza, individually and on behalf of a class of similarly situated persons, filed a complaint against Defendants Ticketmaster and Verizon. These claims derive from Plaintiff's contention that Defendants charged, and Plaintiff paid, certain fees in addition to the "face value" of tickets sold by Ticketmaster to events held at Verizon Arena, pursuant to an agreement

1

between Ticketmaster and Verizon Arena. ECF No. 3. Specifically, Plaintiff contends that charging such fees violates Arkansas Code Annotated § 5-63-201 (prohibiting ticket scalping) and therefore constitutes violations of the Arkansas Deceptive Trade Practices Act ("ADTPA"), Arkansas Code Annotated § 4-88-101 *et seq.*, unjust enrichment, and conspiracy. *Id.*

**2. Applicable Law**

The Defendants contend that the Plaintiff's pleading is deficient pursuant to the Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal* 556 U.S. 662 (2009).

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 677). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

However, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal,* 556 U.S. at 677, (quoting *Twombly*, 550 U.S. at 570). A pleading that merely pleads "labels and conclusions," or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of factual

enhancement will not suffice. *Id.* Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

**3. Discussion**

    **A. Arkansas Deceptive Trade Practices Act**

In Plaintiff's Complaint, it is alleged Defendants have violated the Arkansas Deceptive Trade Practices, Act, Arkansas Code Annotated § 4-88-101 et seq. ECF No. 3, Pgs.4-5. Plaintiff argues that pursuant to Arkansas Code Annotated § 5-63-201, it is unlawful to sell any ticket at a price greater than that printed on the ticket. These claims derive from Plaintiff's contention that Defendants charged, and Plaintiff paid, certain fees in addition to the "face value" of tickets sold by Ticketmaster to events held at Verizon Arena, pursuant to an agreement between Ticketmaster and Verizon Arena. ECF No. 3. Plaintiff alleges she paid for tickets from Ticketmaster at Verizon Arena in excess of the face value of the ticket on four separate events. ECF No. 3, Pg. 3.

In Plaintiff's Complaint, it is alleged she (1) sustained damages, (2) based on an unconscionable, false, or deceptive act, and (3) the Defendant's conduct was the proximate cause of Plaintiff's damages. ECF No. 3, Pgs. 2-5. Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief. Plaintiff's Complaint is in compliance with this rule. Plaintiff has set forth sufficient facts to establish the elements of a violation of ADTPA. *See* Arkansas Code Annotated § 4-88-107.

Defendants seek dismissal of Plaintiff's Complaint because: (1) the fees charged were specifically authorized by Verizon Arena pursuant to its statutory authority under Arkansas law under the Public Facilities Boards Act, Ark. Code Ann. § 14-137-101 et seq.,. Verizon Arena had an absolute right to set fees for admission to events at its arena and the ADTPA by its terms does not

3

apply to transactions that are specifically governed by the appropriate governmental entity, and (2) Plaintiff voluntarily paid the fees that she now disputes. ECF No. 10. Defendant Verizon Arena also seeks dismissal based on a claim of sovereign immunity. ECF No. 12.

In making these arguments, Defendants rely on several matters outside the pleadings namely a contract entered into between Ticketmaster and Verizon regarding the fees that Ticketmaster could charge for events at Verizon Arena and a discussion regarding the creation of Multi-Purpose Civic Center Facilities Board For Pulaski County, Arkansas by the Arkansas General Assembly. ECF No. 11, Pgs. 4-10 and ECF No. 13, Pgs. 1-5.

It is true a court has wide discretion to consider matters outside the pleadings. *Skyberg v. United Food & Commercial Workers Int'l Union, AFL–CIO*, 5 F.3d 297, 302 n. 2 (8th Cir.1993). In doing so, the Court can convert a motion to dismiss to a motion for summary judgment. *See* Fed.R.Civ.P. 12(d). However, in this case, the Court declines to do so. The parties have conducted no discovery in this matter and have yet to have their Rule 26(f) conference. Accordingly, it would be premature for the Court to convert the Motion to Dismss to a Motion for Summary Judgment at this time.

### B. Unjust Enrichment

Count II of Plaintiff's Complaint sets forth her claim based on unjust enrichment. ECF No. 3, Pg. 5. Pursuant to Arkansas Model Jury Instruction ("AMI") 2445, the claim of Unjust Enrichment requires (1) Plaintiff provided services or money to the Defendant who received the benefit of the money, (2) Plaintiff expected to be paid the value of such services or money, (3) Defendant was aware Plaintiff was providing such services or money with the expectation of being paid, and (4) the reasonable value of such services or money received by the Defendant. To find unjust enrichment, a party must have received something of value to which he is not entitled and

which he should restore. There must be some operative act, intent, or situation to make the enrichment unjust and compensable. *Dews v. Halliburton Industries, Inc.*, 288 Ark. 532, 708 S.W.2d 67 (1986).

Plaintiff, in her Complaint, alleges (1) she paid Defendants for a ticket which included fees and costs, (2) the value of which was the ticket price not including the fees and costs, (3) Defendants added the costs and fees to the price of the ticket, and (4) Defendants received the additional revenue from these fees and costs. ECF No. 3, Pgs. 2-3, 5. Plaintiff has clearly alleged in her complaint facts and elements to establish a claim based on unjust enrichment.

### C. Civil Conspiracy

In Count III of Plaintiff's Complaint, she alleges a claim based on civil conspiracy. ECF No. 3, Pgs. 5-6. To establish a claim based on civil conspiracy, Plaintiff must show, (1) Defendant and a co-conspirator knowingly entered into a conspiracy, (2) that Plaintiff proved the elements of the underlying claim of DPTA or unjust enrichment, (3) that one or more of the co-conspirators committed one or more overt acts in furtherance of the conspiracy, (4) that Defendants had the intent to harm Plaintiff, and (5) the conspiracy caused damage. *See* AMI 714.

Plaintiff has set forth the necessary facts and elements to establish a claim based on civil conspiracy. Plaintiff has plead Ticketmaster and Verizon entered into an agreement whereby excessive fees and costs were charged over the face value of the ticket in violation of DTPA and the intent was to exact the unlawful charges from Plaintiff and this action damaged Plaintiff. ECF No. 3, Pgs. 2-3, 5-6.

### 4. Conclusion

Accordingly, based upon the foregoing, this Court recommends Defendants, Live Nation Entertainment and Ticketmaster, L.L.C.'s Motion to Dismiss (ECF No. 10), and Defendant

Multi-Purpose Civic Center Facilities Board For Pulaski County, Arkansas, d/b/a Verizon Arena Motion to Dismiss (ECF No. 12) be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 25th day of July 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE