IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KRISTIN BUNN GOZA, Individually
and on behalf of a Class of Similarly
Situated Persons                                                                                    PLAINTIFF


V.                                          CIVIL NO. 6:12-cv-6125


MULTI-PURPOSE CIVIC CENTER
FACILITIES BOARD FOR PULASKI
COUNTY, ARKANSAS, d/b/a VERIZON
ARENA, LIVE NATION ENTERTAINMENT, INC.,
and TICKETMASTER, L.L.C.                                                                      DEFENDANTS


**ORDER**

Before the Court is the Report and Recommendation filed July 25, 2013, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 33). Judge Bryant recommends that Defendants' motions to dismiss (ECF No. 10 & 12) be denied. After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

This case involves alleged violations of the Arkansas Deceptive Trade Practices Act ("ADTPA") arising from a contract between Defendant Multi-Purpose Civic Center Facilities Board for Pulaski County, Arkansas, d/b/a Verizon Arena ("Verizon Arena") and Defendant Ticketmaster, L.L.C. ("Ticketmaster"). Plaintiff Kristin Bunn Goza filed a class action complaint against Defendants contending that Defendants entered into an agreement to charge certain fees in addition to the "face value" of the tickets sold by Ticketmaster for events held at Verizon Arena. (ECF No. 3). Plaintiff alleges that these fees violate Arkansas's anti-scalping

1

statute, Ark. Code Ann. § 5-63-201, and thus, constitute violations of the ADTPA, Ark. Code Ann. § 4-88-101 *et seq*. Plaintiff also pursues claims for unjust enrichment and conspiracy. (ECF No. 3).

Defendants filed separate Motions to Dismiss. (ECF No. 10 & 12). After Judge Bryant filed his Report and Recommendation, Defendants filed separate objections to the Report and Recommendation. (ECF No. 34 & 35).

### I.   Ticketmaster's Objections

Ticketmaster objects that Judge Bryant did not consider two documents supplied by Ticketmaster: (1) a copy of the contract between Verizon Arena and Ticketmaster; and (2) a copy of a Pulaski County Ordinance. Specifically, Ticketmaster argues that the documents should be considered in its motion to dismiss because Plaintiff referenced the documents in her complaint. Judge Bryant declined to consider the documents as "matters outside the pleadings." (ECF No. 33)

Judge Bryant properly declined to consider the documents. A motion to dismiss will "succeed or fail based upon the allegations contained in the face of the complaint." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992). Generally, on a motion dismiss, "matters outside the pleadings" may not be considered. *Id.* "Matters outside the pleadings include 'any written or oral evidence in support of or opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings.'" *Id.* (quoting *Wright & Miller, Federal Practice and Procedure* § 1366) (3d ed. 2013) (footnotes omitted) (reversing a district court's order of dismissal because the district court improperly relied upon information in the contract supplied by the defendant despite the fact that the plaintiff referenced the existence of the contract in his complaint). In this case, the documents Ticketmaster relies on in its motion to

dismiss substantiate its defenses against Plaintiff and do not merely reiterate what Plaintiff alleged in her pleadings. Thus, Judge Bryant properly refused to consider the documents.

## II. Verizon's Objections

Verizon Arena makes two objections. It first objects to Judge Bryant's report because it did not determine whether the claims against Verizon Arena are barred in whole or in part by sovereign immunity. The Arkansas General Assembly has declared that all counties and any of their boards, commissions, agencies, authorities, or other governing bodies "shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance." Ark. Code Ann. § 21-9-301. In other words, unless a governing body or agency has liability insurance, it cannot be sued.

Verizon Arena argues that it has immunity as a governing body pursuant to the Pulaski County Ordinance and further attempts to prove its immunity by supplying an affidavit from its general manager reporting that it does not have liability insurance to cover the claims. (ECF No. 12-1). This argument requires the court to consider the ordinance and affidavit. Again, "matters outside the pleadings" generally may not be considered on a motion to dismiss. *Gibb,* 958 F.2d at 816. Here, the Court finds that Judge Bryant did not error in declining to consider the ordinance and the affidavit.[1]

Verizon Arena also objects to the report because it did not address whether the ADTPA applies to governmental entities such as Verizon Arena. Specifically, Verizon Arena argues that the ADTPA does not apply to Verizon Arena because it is not a "person" capable of violating the statute. (ECF No. 35). The statute defines a person as "an individual, organization, group, association, partnership, corporation, or any combination of them." Ark. Code Ann. § 4-88-102.

---

[1] Verizon Arena's objection requests that the Court order limited discovery to be conducted on the issue of sovereign immunity. The Court declines to do so at this time. The parties are free to renew this request in a separately filed motion.

Verizon Arena concludes that because the statute does not include a governmental entity in its definition of a "person," the ADPTA does not apply to it. To prove its status as a governmental entity, Verizon Arena relies on the Pulaski County Ordinance. Again, this argument requires the court to consider the ordinance. As stated above, Judge Bryant properly declined to consider the ordinance as "matters outside the pleadings."

The Court therefore overrules Defendants' objections and adopts Judge Bryant's Report and Recommendation in full. (ECF No. 33). For the reasons stated herein, as well as those contained in the Report and Recommendation, Defendants' Motions to Dismiss (ECF No. 10 & 12) are **DENIED**.

IT IS SO ORDERED, this 27 day of August, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge